UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SAMI ALBRA,

Plaintiff,

v.

SELENE FINANCE, et al.,

Defendants.

Case No. 2:18-cv-00018-APG-PAL

**ORDER**

(IFP App. – ECF No. 6)

This matter is before the court on Plaintiff Sami Albra's Application to Proceed *In Forma Pauperis* (ECF No. 6). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Plaintiff is proceeding in this case *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He commenced this civil action on January 4, 2018, by filing a Complaint (ECF No. 1) and paying the $400 filing fee. *See* Receipt of Payment (ECF No. 1-2). The Clerk of the Court immediately issued summons. *See* ECF Nos. 5, 10. The following day, January 5, 2018, he filed the pending Application to Proceed *In Forma Pauperis* (ECF No. 6). The application requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a person to start a case without prepaying fees and costs if the person submits an IFP application on the court's form, which includes an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part,

to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases).

In addition, pursuant to § 1915(e), federal courts must screen all IFP complaints prior to issuing summons and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the court determines that the complaint states a valid claim for relief, it then directs the Clerk of the Court to issue summons to the defendant(s) and the plaintiff is required to serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m).

Here, Plaintiff paid the full $400 filing fee upon filing his complaint on January 4, 2018, but filed an IFP Application the following day. Because he paid the $400 filing fee, the Clerk of the Court immediately filed the Complaint (ECF No. 1) on the court's docket and issued Summons (ECF Nos. 5, 10). Accordingly, his request to proceed IFP will be denied as moot, and the court will not screen the Complaint or Amended Complaint (ECF No. 9).

Accordingly,

**IT IS ORDERED:** Plaintiff Sami Albra's Application to Proceed *In Forma Pauperis* (ECF No. 6) is DENIED as moot.

**IT IS FURTHER ORDERED**: Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff shall have 90 days from January 29, 2018, to serve the defendants with summons and the amended complaint.

Dated this 2nd day of February, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE