UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMI ALBRA,<br><br>                Plaintiff,<br>v.<br><br>SELENE FINANCE, et al.,<br><br>                Defendants. | Case No. 2:18-cv-00018-APG-PAL<br><br>**ORDER**<br><br>(Mot. Reconsideration – ECF No. 13) |

This matter is before the court on pro se Plaintiff Sami Albra's Motion for Reconsideration (ECF No. 13) of the Order (ECF No. 11) denying as moot his Application to Proceed *In Forma Pauperis* (ECF No. 6). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Albra commenced this civil action on January 4, 2018, by filing a Complaint (ECF No. 1). This case arises from his allegations that defendants violated state and federal laws regulating mortgage loans and non-judicial foreclosure. Although he did not file a motion for injunctive relief or follow the Local Rules related to emergency motions, based on Albra's pro se status, the emergency nature of the filing, and the seriousness of a potential loss of a dwelling, District Judge Andrew P. Gordon treated the complaint as if it was accompanied by a request for injunctive relief. Jan. 4, 2018 Order (ECF No. 3). Judge Gordon denied injunctive relief without prejudice because Albra failed to show a likelihood of success on the merits on any of his claims. *Id*. Albra asked Judge Gordon to reconsider his decision. Jan. 5, 2018 Mot. Reconsideration (ECF No. 4). Judge Gordon denied his motion because it did not offer sufficient reasons for him to reconsider the earlier order. Jan. 8, 2018 Order (ECF No. 8).

Mr. Albra paid the $400 filing fee when he opened this case. Jan. 4, 2018 Receipt of

Payment (ECF No. 1-2). The following day, January 5, 2018, he filed an Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 6). Because he paid the $400 filing fee when he opened this case, the Clerk of the Court filed the Complaint on the docket and immediately issued Summons (ECF Nos. 5, 10) before Albra filed his IFP Application. Thus, the court did not screen the Complaint as required for all litigants seeking permission to proceed IFP. *See* 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Albra filed an Amended Complaint (ECF No. 9) on January 29, 2018.

On February 2, 2018, the court denied Mr. Albra's IFP Application as moot. Order (ECF No. 11). Pursuant to Rule 4 of the Federal Rules of Civil Procedure,[1] Albra was ordered to serve defendants with summons and the Amended Complaint within 90 days of its filing. *Id.* That same day, Albra filed a Motion for Refund of Filing Fee (ECF No. 12), which the court also denied as moot. Order (ECF No. 15). Albra subsequently filed the current Motion for Reconsideration (ECF No. 13) of the Order (ECF No. 11) denying his IFP Application as moot.

Mr. Albra filed a Notice of Appeal (ECF No. 14) on February 8, 2018. The Notice of Appeal was incorrectly entered on the docket as an appeal of a magistrate judge order or ruling pursuant to LR IB 3-1. Upon further review, the clerk's office determined that it was intended to appeal the undersigned's decision directly to the Ninth Circuit and modified the docket entry to reflect the document's purpose. However, by then, Mr. Albra had filed a Petition for Writ of Mandamus (ECF No. 19) ("Petition") with the Court of Appeals for the Ninth Circuit, which was docketed March 7, 2018. *See Albra v. U.S. Dist. Ct. Nev.*, No. 18-70641.

On March 8, 2018, Defendants Selene Finance LP, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, filed a Motion to Dismiss (ECF No. 20) the Amended Complaint for failure to state a claim.

## DISCUSSION

**I. JURISDICTION**

As an initial matter, the court must determine whether it has jurisdiction to address Mr. Albra's Motion for Reconsideration because he has submitted multiple filings indicating his desire

---

[1] All references to a "Rule" or "Rules" in this Order refer to the Federal Rules of Civil Procedure.

to appeal this court's decision on the IFP Application to the Court of Appeals.

In general, the filing of a notice appeal divests the district court of jurisdiction over particular issues involved in that appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). However, the principle of exclusive appellate jurisdiction is not absolute. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983). A notice of appeal does not divest the district court of jurisdiction when there is a motion for reconsideration pending. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)). In addition, petitions for extraordinary writs, such as a petition for a writ of mandamus, "do not destroy the district court's jurisdiction in the underlying case." *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) (citing *Ellis v. U.S. Dist. Court*, 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc)).

Here, Mr. Albra filed his Motion for Reconsideration prior to filing his Notice of Appeal. Because the motion was pending when the Notice of Appeal was filed, the notice did not divest this court of jurisdiction. He seems to acknowledge this in his motion.[2] Additionally, filing the Petition does not destroy this court's jurisdiction. The court therefore has jurisdiction to consider the merits of the motion.

## II. MR. ALBRA'S MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration; however, the Local Rules of Civil Practice recognize that the "court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." LR 59-1(a). Reconsideration may also be appropriate if: (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *See* LR 59-1(a); *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004). However, a "motion for reconsideration is not an avenue to re-litigate the same

---

[2] Mot. (ECF No. 13) at 4 ("Plaintiff is filing simultaneously a 'Notice of Interlocutory Appeal' so that if the Court grants this Motion, then the Notice of Interlocutory Appeal would be moot. If the Court denies the Motion, then this Court can respectfully stay the proceedings awaiting a determination from the 9th Circuit.").

3

issues and arguments upon which the court already has ruled." *W. Shoshone Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1053 (D. Nev. 2005). The fact that a party disagrees with the court's decision does not entitle him to relief—he must present a legitimate basis for the court to reconsider its decision. *See, e.g.*, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Mr. Albra's motion states he was given less than 48 hours notice that defendants were foreclosing on his property. Thus, he claims he was forced to file his complaint and motion for injunctive relief in a day's time. Albra claims that the Clerk of the Court does not allow the filing of IFP applications and a complaint on the same day as it would for those who can afford to pay the filing fee. If he had not paid $400 upfront, he argues that his emergency motion would not have been filed that same day.[3] Albra asserts that the clerk's office's procedures violate his due process and equal protection rights and are inconsistent with most district courts in the United States and within the Ninth Circuit. His income should be the determining factor under 28 U.S.C. § 1915, not a procedural mishap. Mr. Albra states he is disabled and receives $735 per month in Social Security Disability Income. The $400 filing fee would leave him with only $335 to pay his expenses.

The court finds that Albra states cause for reconsideration;[4] however, his IFP Application (ECF No. 6) is incomplete. He represents that he: (i) is not incarcerated; (ii) has no take-home pay

---

[3] The caption of Mr. Albra's Complaint (ECF No. 1) includes "request for injunctive relief," but he did not file a separate emergency motion for injunctive relief. *See* Jan. 4, 2018 Order Denying Injunctive Relief (ECF No. 3) ("Albra did not file a motion for injunctive relief, nor did he follow the Local Rules related to emergency motions. *See* LR 7-4. Nevertheless, *in light of the emergency nature of the filing*, the plaintiff's pro se status, and the seriousness of a potential loss of a dwelling, I will treat the complaint as if it is accompanied by a request for injunctive relief.") (emphasis added). Even without an emergency motion, Judge Gordon addressed the request for injunctive relief on the same day Albra filed the complaint. *Id*. This is a standard practice for all the judges in the District of Nevada regardless of whether a plaintiff pays the filing fee or files an IFP application.

[4] The court notes that many of Mr. Albra's assertions regarding the District of Nevada's filing procedures are incorrect. *See, e.g.*, Filing a Complaint on Your Own Behalf in the United States District Court, District of Nevada, available at https://www.nvd.uscourts.gov/files/pro_se%20guide.pdf. The Clerk of the Court will be instructed to mail Albra a copy of this pro se guide. The court appreciates that it is difficult for *pro se* parties to litigate their claims. Plaintiffs should familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of Practice, and relevant case law as much as possible. The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed from this court's website at http://www.nvd.uscourts.gov/.

4

or wages, but receives $750 per month in disability payments; (iii) has $2,200 in the bank; (iv) owns nothing of value, such as a car, real estate, stocks, or jewelry; (v) has $210 in regular monthly expenses such as electricity, cable, and cell phone; (vi) has no dependents; and (vii) has $2,500 in credit card debt.[5] Mr. Albra did not indicate any payment information for the credit card debt, and his reported monthly expenses are only 28 percent of his income. In addition, he did not list any expenses for housing or food.

The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Determination of what constitutes "unable to pay" or unable to "give security therefor" is left to the court's discretion, based upon the information a plaintiff submits. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002). The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a fee waiver, but he must demonstrate that because of his poverty he cannot pay those fees and still provide himself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993). However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). Thus, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

It is within the court's discretion to make a factual inquiry into a plaintiff's financial status

---

[5] Notably, Albra filed an Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis* (ECF No. 16) on February 13, 2018, presenting different financial information to the Ninth Circuit. Mr. Albra's Affidavit represents that he: (i) owns a 2010 Ford Focus valued at $2,500; (ii) owes creditors a total of $7,050 with monthly payments of $280; (ii) receives $750 in disability payments as well as $126 in SNAP, totaling $826 per month; (iii) has $2,000 in the bank; and (iv) spends an average of $800 per month in expenses.

5

and to deny an IFP application if an individual is unable or unwilling to verify his or her poverty. *McQuade*, 647 F.2d at 940; *see also, e.g.*, *Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that district court did not abuse its discretion by denying plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"); *Broemer v. C.I.A.*, 33 F. App'x 341, 341–42 (9th Cir. 2002) (affirming the district court's denial of IFP application where applicant failed to answer all of the questions in his application).

Here, Mr. Albra's incomplete statements do not allow the court to verify his poverty. He paid the filing fee and reports only $210 in expenses. As a result, the court cannot determine whether he is eligible to proceed IFP. The court will therefore instruct the Clerk of the Court to mail him a blank copy of the long form application (AO 239). Albra shall have until **April 13, 2018**, to submit the completed application.

**IT IS ORDERED:**

1. Plaintiff Sami Albra's Motion for Reconsideration (ECF No. 13) is **GRANTED**.
2. The Clerk of the Court shall MAIL Mr. Albra one copy of (i) the long form application to proceed *in forma pauperis* (AO 239), and (ii) the District of Nevada's pro se assistance packet.
3. Mr. Albra will have until **April 13, 2018**, to submit the long form application to proceed *in forma pauperis* (AO 239) if he believes he can correct the noted deficiencies.
4. Mr. Albra shall file a certificate of interested parties as required by LR 7.1-1 of the Local Rules of Practice on or before **March 27, 2018**.
5. Failure to comply may result in the issuance of an order to show cause why sanctions should not be imposed.

Dated this 13th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE