UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMI ALBRA,<br><br>                              Plaintiff,<br>      v.<br>SELENE FINANCE, et al.,<br><br>                            Defendants. | Case No. 2:18-cv-00018-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. – ECF No. 30) |

This matter is before the court on pro se Plaintiff Sami Albra's Application to Proceed *In Forma Pauperis* (ECF No. 30). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## BACKGROUND

**I.    PROCEDURAL HISTORY**

This civil action arises from Mr. Albra's allegations that defendants violated state and federal laws regulating mortgage loans and non-judicial foreclosure. Albra commenced this case on January 4, 2018, by filing a Complaint (ECF No. 1) and paying the $400 filing fee. *See* Receipt of Payment (ECF No. 1-2). The Clerk of the Court immediately issued summons. *See* ECF Nos. 5, 10. The following day he filed an Application to Proceed *In Forma Pauperis* (ECF No. 6). The application requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees. However, when he paid the $400 filing fee upon starting this case, the Clerk of the Court immediately filed the Complaint (ECF No. 1) and issued Summons (ECF Nos. 5, 10). Thus, the court did not screen the Complaint as required for all litigants seeking permission to proceed IFP. *See* 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Albra filed an Amended Complaint (ECF No. 9) on January 29th.

On February 2nd, the court denied Mr. Albra's IFP Application as moot. Order (ECF No. 11). That same day, he filed a Motion for Refund of Filing Fee (ECF No. 12), which the court also denied as moot. Order (ECF No. 15). Albra subsequently filed a Motion for Reconsideration (ECF No. 13) of the Order (ECF No. 11) denying his IFP Application as moot. The court granted his motion; however, his incomplete statements on the application did not verify his poverty. *See* Mar. 13, 2018 Order (ECF No. 27). The court therefore instructed him to submit a long form IFP application (AO 239). *Id*. Mr. Albra timely submitted the required long form IFP Application (ECF No. 30).

## II. ALBRA'S IFP APPLICATIONS

Mr. Albra has already paid the full $400 filing fee but he has requested a refund along with authority to proceed IFP. In his first IFP Application (ECF No. 6), filed in January 2018, Albra represented that he:

> (i) is not incarcerated; (ii) has no take-home pay or wages, but receives $750 per month in disability payments; (iii) has $2,200 in the bank; (iv) owns nothing of value, such as a car, real estate, stocks, or jewelry; (v) has *$210 in regular monthly expenses* such as electricity, cable, and cell phone; (vi) has no dependents; and (vii) has $2,500 in credit card debt.

Order (ECF No. 27) at 4–5 (emphasis added). He did not list any expenses for housing or food, or indicate payment amounts for the credit card debt. *Id*. at 5. Based on the information provided, the court noted that his monthly expenses were only 28 percent of his disability income. *Id*.

The court also observed that Mr. Albra presented different financial information to the Ninth Circuit in his Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis* (ECF No. 16), filed on this court's docket in February 2018. *Id*. at 5 n.5. The Affidavit represents that he: (i) owns a 2010 Ford Focus valued at $2,500; (ii) pays creditors monthly payments totaling $280; (ii) receives $750 in disability payments as well as $126 in "SNAP,"[1] totaling $826 per month; (iii) has $2,000 in the bank; and (iv) spends an average of *$800 per month in expenses*. *Id*.

Albra's pending IFP Application (ECF No. 30) submits the affidavit required by § 1915(a) stating he is unable to afford fees and costs or give security for them. He represents that he:

---
[1] "SNAP" is an acronym for the Supplementary Nutrition Assistance Program by the Nevada Division of Welfare and Supportive Services.

(i) receives income of $750 per month in disability payments, but no income from employment, self-employment, unemployment, real property, interest or dividends, gifts, alimony, child support, public assistance, or other sources; (ii) has $2,000 cash in the bank; (iii) owns a 2010 Ford Focus valued at $2,500, but no other assets; and (iv) spends on average *$1,180–1,230[2] per month in expenses* such as utilities ($400), home maintenance ($50), food ($200–250), clothing ($50), laundry and dry cleaning ($25), transportation ($80), auto insurance ($85), and credit card payments ($290). Having reviewed his current and prior IFP applications, the court will recommend denial of the IFP application because Plaintiff has again not provided complete financial information.

## DISCUSSION

**I.   LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying fees and costs if the person submits an IFP application on the court's form, which includes an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (citation omitted).

The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). There is "no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*

---

[2] Albra provided the $1,145 total in the IFP Application; however, the sum of his expenses ranges between $1,180–1,230, accounting for the $50 fluctuation in food expenses.

*v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a fee waiver, but he must demonstrate that because of his poverty he cannot pay those fees and still provide himself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993). Thus, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). Consideration of a party's ability to pay the filing fee is not limited to the IFP application itself, "the court may look beyond the application to determine his financial condition." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (internal quotation and alteration omitted).

If the court determines that an individual's allegation of poverty is untrue, "it *shall* dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Congress amended the statute in 1996 to substitute the mandatory "shall" for the permissive "may" with regard to the court's authority and responsibility to dismiss a case when an allegation of poverty is found to be untrue. *Bell v. Dobbs Int'l Serv.*, 6 F. Supp. 2d 863, 864 (E.D. Mo. 1998); *Oquendo v. Geren*, 594 F. Supp. 2d 9, 11 (D.D.C. 2009) ("[D]ismissal is mandatory in the face of untrue allegations of poverty."). Section 1915(e)(2)(A) prevents abuse of the judicial system by "weed[ing] out the litigants who falsely understate their net worth" to obtain IFP status when "they are not entitled to that status based on their true net worth." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) per curiam); *see also Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 344 (1948)) (noting that the IFP statute "was intended for the benefit of those too poor to pay or give security for costs").

The IFP statute does not require dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith. *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012); *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000); *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) (stating that the IFP statute was not meant to punish litigants for "insignificant discrepancies"). Although a litigant's misrepresentation of his or her financial assets "might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal in all cases, dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma*

4

*pauperis* status." *Vann*, 496 F. App'x at 115 (citing *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467–68 (S.D.N.Y. 2004)). "Bad faith in this context includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Id.*

## II.  THE SUFFICIENCY OF ALBRA'S IFP APPLICATION

It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his or her poverty. *McQuade*, 647 F.2d at 940 (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)); *Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (holding that district court did not abuse its discretion by denying plaintiff's IFP application because he "failed to verify his poverty adequately").[3]

Here, Albra has submitted the affidavit required by § 1915(a) and IFP application, which provides answers to financial questions under the penalty of perjury. IFP App. (ECF No. 30). However, the new IFP application presents multiple, significant inconsistencies without explanation. Mr. Albra represents that his only source of income is $750 per month in disability benefits, but he spends an average of $1,180–1,230 in expenses. His expenses, therefore, regularly exceed his monthly income by more than half. Notably, he reports monthly expenses over five times greater than his initial application in January 2018. *Compare* IFP App. (ECF No. 6) (reporting $210 in monthly expenses). This amount is also significantly different than what he reported to the Ninth Circuit weeks later in February 2018. *Compare* Affidavit (ECF No. 16) (reporting $800 in monthly expenses). The court specifically noted the differing financial

---

[3] *See also, e.g.*, *Salat v. Breslow*, No. 2:16-cv-02670-APG-GWF, 2018 WL 1178554, at *2 (D. Nev. Feb. 8, 2018) (finding that plaintiff provided inconsistent statements about his income and his allegations of poverty were untrue, and therefore recommending that his IFP application be denied and complaint be dismissed), *report and recommendation adopted*, 2018 WL 1175218 (D. Nev. Mar. 6, 2018); *Salat v. Wilson et al*, No. 2:16-cv-03018-APG-PAL, 2017 WL 4269958, at *1 (D. Nev. Sept. 26, 2017) (recommending denial of IFP application because, despite his experience filing IFP applications in this court, plaintiff failed to report a source of income or account for vehicle as an asset, and he provided no explanation for his ability to pay $1,000 fine while claiming an inability to pay the $400 filing fee), *report and recommendation adopted*, 2017 WL 5615572 (D. Nev. Nov. 21, 2017); *Thomas v. LVMPD*, No. 2:16-cv-3019-JAD-NJK, 2017 U.S. Dist. LEXIS 33197 (D. Nev. Feb. 13, 2017) (recommending denial of IFP application based on plaintiff's inconsistent statements in multiple cases regarding his income), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 33192 (D. Nev. Mar. 13, 2017).

information filed on the docket and told Albra that his incomplete statements regarding his finances did not verify his poverty. Order (ECF No. 27) at 4–6 & n.5. The IFP application instructs applicants: "If you need more space to answer a question or to explain your answer, attach a separate sheet of paper" providing the complete answer. IFP App. (ECF No. 30) at 1. Mr. Albra did not attach a separate sheet of paper to provide additional information for any question. The IFP application asks applicants to "Provide any other information that will help explain why you cannot pay the costs of these proceedings." *Id*. at 5, ¶ 11. Albra stated, "I only receive 750.00 from disability." *Id*. This statement merely reiterates the information provided in the income section; it does not account for the discrepancies between his IFP applications.

In addition, Plaintiff's IFP applications have omitted financial information. The original application omitted his ownership of a substantial asset, a 2010 Ford Focus valued at $2,500. The short form specifically inquires whether an applicant owns an "automobile" and the long form inquires whether an applicant owns a "motor vehicle." Plaintiff answered "N/A" on the first application and disclosed his vehicle on the subsequent applications. *Compare* IFP App. (ECF No. 6) *with* Affidavit (ECF No. 16), IFP App. (ECF No. 30). The new IFP Application also appears to omit $126 per month in income from SNAP, which he disclosed to the Ninth Circuit. The short form specifically asks whether an applicant receives income from any other sources. SNAP is another income source. The long form application specifically asks whether an applicant receives public assistance. SNAP is a form of public assistance. The court specifically noted that Albra's Ninth Circuit Affidavit (ECF No. 16) included "$750 in disability payments as well as $126 in SNAP, totaling $826 per month" for income. Order (ECF No. 27) at 5 n.5. However, the current IFP application does not include SNAP income or provide an explanation indicating that he no longer receives SNAP payments.[4]

---

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the court may judicially notice any fact not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Under this rule, a court may take judicial notice of relevant documents filed in the state court's file. *Bennett v. Medtronic, Inc.*, 285 F3d 801, 803 n.2 (9th Cir. 2002) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Albra is represented by counsel before the state court in the probate action also involving the real property that is the subject of this action. *See* Defs.' Resp. Ex. (ECF No. 31-1) (orders entered in probate case, *In re John J. Steffanci, III*, Case No. P-16-088012-E). This raises further doubt regarding Albra's allegations of poverty.

Case 2:18-cv-00018-APG-PAL   Document 42   Filed 05/08/18   Page 7 of 7

1      Albra's current IFP application fails to state the facts regarding Albra's poverty with any "particularity, definiteness and certainty." *See McQuade*, 647 F.2d at 940. He represents that he regularly spends each month more than he receives in disability payments, but he does not explain the multiple discrepancies between his applications. His demonstrated ability to pay the $400 fee further undermines his assertion of poverty. Thus, the court finds that Albra's numerous inconsistent statements about his income and expenses have prevented verification of his poverty.

     Accordingly,

     **IT IS RECOMMENDED:** Plaintiff Sami Albra's Application to Proceed *In Forma Pauperis* (ECF No. 30) be **DENIED**.

     Dated this 8th day of May, 2018.

                                                                                                  PEGGY A. LEEN
                                                                            UNITED STATES MAGISTRATE JUDGE