# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SAMI ALBRA, | Case No.: 2:18-cv-00018-APG-PAL |
| Plaintiff | **Order (1) Denying Motion to Dismiss, (2) Denying Motion to Reopen Case, (3) Denying Motion to Strike, and (4) Granting Motion for Summary Judgment** |
| v. | |
| SELENE FINANCE, et al., | |
| Defendants | [ECF Nos. 20, 67, 68, 76] |

Plaintiff Sami Albra sues Selene Finance; Wilmington Savings Fund Society, d/b/a Christiana Trust (Christiana Trust); and the Securities and Exchange Commission (SEC),[1] alleging several violations related to a yet-to-occur nonjudicial foreclosure sale. Selene and Christiana Trust move for summary judgment, arguing that Albra's claims fail as a matter of law. Albra has not pointed to evidence raising a genuine dispute for trial, and he cannot prevail on his claims. I therefore grant summary judgment in the defendants' favor.

## Background

**A.  Factual History**

On May 31, 2007, John Steffanci executed a deed of trust securing a promissory note for his home in Las Vegas.[2] Later, Christiana Trust became the holder of the note.[3] Albra lived at the property with Steffanci but was not a party to the loan.[4] Steffanci died and Albra fell behind

---

[1] The SEC has not yet participated in this case. Accordingly, the term "defendants" in this order refers to only Selene Finance and Christiana Trust.

[2] ECF No. 68-1 at 2–16.

[3] *Id.* at 40–42.

[4] ECF No. 68-1 at 22.

in making the loan payments.[5]  Quality Loan Service Corporation, the trustee for the deed of trust, recorded a Notice of Default and Election to Sell Under Deed of Trust in September 2016.[6]  In February 2017, Albra participated in a mediation through the Nevada Foreclosure Mediation Program in his own behalf and as the executor of Steffanci's estate, and he agreed to voluntarily relinquish the property and allow the foreclosure to proceed.[7]  A Notice of Trustee's Sale was recorded in June, with a second notice in December.[8]

**B.     Procedural History**

This case, while relatively young, has a tortured procedural history.  The day before the defendants were to conduct the foreclosure sale in January 2018, Albra filed this lawsuit.[9]  He later amended his complaint to assert five counts against Selene, Christiana Trust, and the SEC.  In Count 1, he alleges that the SEC improperly allowed Christiana Trust to acquire the mortgage.  In Count 2, he alleges that Selene violated 12 C.F.R. § 1024, the Real Estate Settlement Procedures Act's (RESPA's) implementing regulations (Regulation X), by using its own guidelines to evaluate his refinance application and failing to offer him a payment forbearance or provide him with all loss mitigation options.  Counts 3 and 4 allege that Selene failed to respond to his notices of error in violation of the RESPA and violated the Fair Lending Act, the Equal Credit Opportunity Act (ECOA), and the ECOA's implementing regulation (Regulation B).

---

[5] *Id.* at 23.
[6] *Id.* at 43–51.
[7] *Id.* at 23.
[8] *Id.* at 54–59.
[9] ECF No. 1.

Finally, Count 5 alleges that Selene and Christiana Trust violated Nevada Revised Statutes § 107.080.[10]

The day after Albra filed his original complaint, he filed a motion to proceed *in forma pauperis*,[11] which was denied as moot because he paid the filing fee when he filed his complaint.[12] Albra moved for reconsideration of that order,[13] and filed a petition for a writ of mandamus with the Ninth Circuit, asking that court to order this court to grant him *in forma pauperis* status.[14]

Selene Finance and Christiana Trust then moved to dismiss, which Albra moved to strike.[15] Albra argued that the motion to dismiss was premature because service had not been perfected and the Ninth Circuit was still considering his petition for a writ of mandamus.[16] I denied Albra's motion to strike.[17] Meanwhile, Magistrate Judge Leen granted Albra's motion for reconsideration and allowed Albra a second chance to show he was entitled to *in forma pauperis* status.[18] The Ninth Circuit denied Albra's petition for a writ of mandamus.[19]

Albra responded to the defendants' motion to dismiss and submitted his new long-form *in forma pauperis* application.[20] While the parties waited for a decision on the motion to dismiss,

---

[10] ECF No. 9.
[11] ECF No. 6.
[12] ECF No. 11.
[13] ECF No. 13.
[14] ECF No. 19.
[15] ECF Nos. 20, 28.
[16] ECF No. 28.
[17] ECF No. 33.
[18] ECF No. 27.
[19] ECF Nos. 36, 35.
[20] ECF No. 37.

3

Judge Leen issued a scheduling order.[21] The parties met and conferred as directed in Federal Rule of Civil Procedure 26(f), and Albra filed an interim report[22] and a motion for sanctions against the defendants, alleging that they refused to participate in the 26(f) conference.[23] The defendants opposed that motion and filed their own status report, as well as a motion to stay discovery pending a decision on the motion to dismiss.[24]

Between Albra's motion for sanctions and the defendants' motion to stay discovery, I denied Albra's renewed *in forma pauperis* request.[25] On July 12, Albra filed a notice of appeal of that decision and an opposition to the defendants' motion to stay discovery, arguing that a scheduling order was in place and there was no need to ignore the discovery rules.[26] The defendants continued with discovery while waiting for a decision on their motions. Albra, however, did not participate in discovery, apparently operating under the misunderstanding that his appeal automatically stayed the case.[27]

Albra had applied to proceed *in forma pauperis* before the Ninth Circuit, and when that order was granted in September[28] he filed a "motion to reopen case" even though the case had not been closed.[29] The same day, the defendants moved for summary judgment, arguing that (1) Albra's failures to participate in discovery meant that, procedurally, the requests for

---

[21] ECF No. 45.
[22] ECF No. 47.
[23] ECF No. 48.
[24] ECF Nos. 50, 52, 54.
[25] ECF No. 49.
[26] ECF Nos. 55, 56.
[27] This is apparent based on his notices to the court about the defendants' activity during the "stay," and his briefing related to his later motion to reopen the case. ECF Nos. 67, 65, 71, 72.
[28] ECF No. 62.
[29] ECF No. 67.

4

admissions they had submitted to him were deemed admitted and (2) Albra's claims fail as a matter of law for various reasons.[30] Albra responded, asserting a host of alleged discovery violations by the defendants and, for the most part, not responding to the legal arguments that the defendants raised in their motion.[31] After the defendants replied, Albra moved to strike that reply claiming it was untimely.[32]

## Discussion

**A.     Summary-Judgment Standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[33] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[34] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trial when the facts are undisputed, and the case must then proceed to the trier of fact.[35]

If the moving party satisfies its burden by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[36] The nonmoving party "must produce

---

[30] ECF No. 68.

[31] ECF No. 74.

[32] ECF No. 76. The defendants' reply was timely under Local Rule 7-2(b), which allows 14 days to reply in support of a motion for summary judgment. I therefore deny Albra's motion to strike.

[33] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56 (c)).

[34] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[35] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[36] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[37]

**B.  The defendants' requests for admissions are deemed admitted under Federal Rule of Civil Procedure 36(a)(3).**

The defendants first contend that the requests for admissions they submitted to Albra are deemed admitted because Albra failed to respond to them.[38] Albra responds that he was not required to participate in discovery because the defendants violated the Federal Rules of Civil Procedure and because he believed the case was stayed.[39]

Albra is incorrect that the defendants' alleged discovery violations negated any requirement for him to participate in discovery. He contends that the defendants violated Rule 30 because the parties had not stipulated to taking his deposition and the defendants did not seek the court's permission to depose him. However, neither a stipulation nor court permission is needed unless (1) the deposition would result in more than 10 being taken, (2) the deponent has already been deposed, or (3) the party is seeking to conduct a deposition before the 26(f) conference.[40] To the extent that Albra argues that there was a "court-ordered stay" of the case, no such order appears on the docket. An appeal of a collateral issue does not create an automatic stay of the case.[41] A party's *in forma pauperis* application does not go to the merits of the case and is therefore collateral. Thus, there was no automatic stay while Albra's appeal of that issue

---

[37] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[38] ECF No. 68 at 7.

[39] ECF No. 74 at 2–3.

[40] Fed. R. Civ. P. 30(a)(2)(A)(i)–(iii).

[41] *Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990).

was pending. Moreover, Albra opposed the defendants' motion to stay discovery pending a decision on their motion to dismiss.

Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Unanswered requests for admissions are deemed admitted and "may be relied on as the basis for granting summary judgment."[42] Albra received the defendants' requests for admissions on August 3, 2018 and did not timely respond. He did not move for an extension or to withdraw the admissions. Therefore, the defendants' requests for admissions are deemed admitted.

**C.     Albra lacks standing to bring the claims in Counts 2 and 3.**

Counts 2 and 3 of Albra's amended complaint assert various rights under the RESPA and Regulation X. The defendants argue that Albra cannot bring these claims because he was not a borrower on the loan at issue.[43] They note that Albra previously argued that he should be treated as a borrower because he is a successor in interest to the property.[44] But they contend that the regulation on which Albra relies for this argument was not in effect until after the events on which the complaint is based.[45] Albra is silent on this point in his response. The regulation did not apply at the time of the underlying events and Albra provides no evidence to rebut the defendants' argument that he lacks standing because he is not the borrower and has no recorded interest in the property.[46]

---

[42] *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

[43] ECF No. 68 at 9.

[44] *Id.* at 10.

[45] *Id.*

[46] *See* ECF No. 68-1 at 2–16, 21–23 (requests for admissions 1–15).

7

Albra's claim that he should be treated as a borrower is based on the Official Interpretations of Regulation X, which state that a confirmed successor in interest "must be considered a borrower" for purposes of § 1024.30.[47] The defendants argue that these Interpretations were not effective until April 19, 2018, long after the events at issue occurred. So even if Albra could qualify as a confirmed successor in interest, at the time relevant to this case Selene did not have to treat him as a borrower because the Interpretations requiring that treatment were not in effect.

But regardless of the effective date of the Interpretations, Albra has failed to point to evidence raising a dispute that he is a confirmed successor in interest as defined by Regulation X. Section 1024.31 defines "successor in interest" as

> a person to whom an ownership interest in a property securing a mortgage loan subject to this subpart is transferred from a borrower, provided that the transfer is:
>
> (1) A transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety;
>
> (2) A transfer to a relative resulting from the death of a borrower;
>
> (3) A transfer where the spouse or children of the borrower become an owner of the property;
>
> (4) A transfer resulting from a decree of a dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the borrower becomes an owner of the property; or
>
> (5) A transfer into an inter vivos trust in which the borrower is and remains a beneficiary . . . .

A "confirmed successor in interest" is a successor in interest "once a servicer has confirmed the successor in interest's identity and ownership interest in a property that secures a mortgage loan

---

[47] 12 C.F.R. § 1024, Supp. I.

8

subject to" Regulation X.[48] Albra does not argue that he meets this definition and presents no evidence showing he is entitled to that status. He asserts, without providing evidence, that Steffanci was his domestic partner and that Albra was the sole beneficiary of Steffanci's estate when he died.[49] But in the requests for admissions, he admits that he has no ownership interest in the property, that there is no document reflecting the transfer of interest to him, that there is no recorded document reflecting his interest in the property, and that the property is the property of Steffanci's probate estate.[50]

Albra's complaint cites § 1024.38 and § 1024.41, both of which refer to duties owed to the "borrower." Section 1024.38(b)(2)(ii) requires a servicer to "identify with specificity all loss mitigation options for which borrowers may be eligible." Similarly, § 1024.41(a) states that a "borrower may enforce the provisions of this section." Albra is not a borrower on the note and he has not shown that he is a successor in interest under Regulation X's definitions, so he lacks standing to raise these claims. Accordingly, I grant summary judgment in the defendants' favor for Counts 2 and 3.

**D.    Albra has not shown a disputed issue of fact exists as to Count 4.**

In Count 4, Albra claims Selene violated the "Fair Lending Act," the ECOA, and the ECOA's implementing regulation, Regulation B. His amended complaint is slight on details, but Albra appears to assert that Selene denied his loan modification at least in part because his only income is Social Security Disability payments. He alleges that he applied for a Freddie Mac Refinance Loan in early 2017 through the loan's servicer at the time.[51] While waiting for a

---
[48] 12 C.F.R. § 1024.31.
[49] ECF No. 9 at 3.
[50] ECF No. 68-1 at 22–23 (requests for admissions 12–15).
[51] ECF No. 9 at 3.

9

response to that application, Selene allegedly notified him that it was now servicing the loan. Sometime later, Selene notified Albra that loss mitigation options are determined by individual loan servicers and, while his previous loan servicer was using Freddie Mac guidelines to evaluate his refinance application, Selene would not review his account under Freddie Mac guidelines. Albra alleges that the guidelines Selene used were stricter than Freddie Mac's and, accordingly, Selene denied his refinance application.[52] He does not specify why Selene denied the application or what parts of Selene's guidelines are improper.

First, there is no "Fair Lending Act" and Albra provides no citation to what he believes it to be. He has not responded to the defendants' arguments that it does not exist and has not clarified to which law he is referring. To the extent Count 4 relies on violations of a Fair Lending Act, I grant the defendants' motion for summary judgment.

Second, the defendants argue that Albra does not allege in his amended complaint that the reason Selene denied the modification was because he received public assistance.[53] They point out that Albra states only that he received benefits and that Selene violated the ECOA to his detriment.[54] The defendants argue that because the cause of action is flawed on its face, they are entitled to summary judgment on this claim.[55] Albra presents no evidence or argument in support of this cause of action.

Under the ECOA, it is unlawful for a creditor to discriminate against an applicant "because all or part of the applicant's income derives from any public assistance program."[56]

---

[52] *Id.* at 4.
[53] ECF No. 68 at 13.
[54] *Id.*
[55] *Id.*
[56] 15 U.S.C. § 1691(a)(2).

Through the requests for admissions, Albra admits that Selene properly reviewed his application,[57] leaving no question of fact about whether Selene violated the ECOA. Albra's burden in opposing summary judgment was to present some evidence showing that was not the case. He does not argue or present evidence that Selene denied his refinance request because he received public assistance or that the loan modification review Selene conducted was deficient or discriminatory. I grant summary judgment in favor of Selene on Count 4.

**D.   Albra lacks standing to bring the claims in Count 5.**

In Count 5, Albra alleges Selene and Christiana Trust violated several provisions of Chapter 107 of the Nevada Revised Statues, which outline notice procedures for nonjudicial foreclosure sales. He asserts that even though the defendants claim to own the mortgage through a trust agreement, they have not provided him with the trust agreement and have not recorded it.[58] He also claims that the defendants, in violation of § 107.080(2)(d), attempted to sell the property less than three months after filing the notice of sale, and that they have postponed the sale enough times to require a new notice of sale under § 107.082(2).[59] Finally, he states that § 107.550(1)(b) requires a notice of sale to be recorded within nine months of filing the election to sell.[60] Because that has not happened, he claims that the defendants have violated Nevada state law, and the pending foreclosure sale should be stopped.[61]

In their motion for summary judgment, the defendants raise four arguments: (1) Albra lacks standing to challenge the foreclosure sale because he is not the borrower and has no

---

[57] ECF No. 68-1 at 25 (request for admission 41).
[58] ECF No. 9 at ¶ 25.
[59] *Id.* at ¶¶ 27–28.
[60] *Id.* at ¶ 29.
[61] *Id.*

11

recorded interest in the property; (2) a wrongful-foreclosure claim is not ripe because the defendants have not conducted a foreclosure sale yet; (3) to successfully assert a claim for wrongful foreclosure, Albra must allege there was no default and he has not done so here; and (4) the defendants were not required to record the trust agreement or provide Albra with it, and even if they were, Albra lacks standing to make this challenge because he is not a party to the pooling and servicing agreement.[62] Albra responds that the defendants failed to adhere to Nevada law for nonjudicial foreclosures "with specificity already provided to this Court," although he fails to point out where he has done so.[63]

Albra bases his claim on Nevada Revised Statutes Sections 107.080(6) and 107.560. Those statutes allow a borrower, mortgagee, or the person who holds title to the property to sue to stop an impending sale or void a sale that has taken place when the notice requirements are not met. Albra has not presented any evidence that he is a borrower, mortgagee, or the title holder for the property. As previously discussed, he asserts that he inherited the property but presents no evidence to show that he has a legal interest in it, while the defendants have provided evidence that Albra is not the borrower and has no recorded interest in the property.[64] An individual living on the property without any legal interest in it does not appear to have standing under the statutes cited, and Albra has not identified any legal authority in support of his position. Albra lacks standing to assert a claim under Nevada Revised Statutes Chapter 107. Accordingly, I grant summary judgment in the defendants' favor on Count 5.

////

---

[62] ECF No. 68 at 14–15.
[63] ECF No. 74 at 3.
[64] *See* n.48, *supra*.

12

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss and Albra's motion to reopen the case **(ECF Nos. 20, 67) are DENIED as moot**.

IT IS FURTHER ORDERED that Albra's motion to strike the defendants' reply **(ECF No. 76) is DENIED**.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment **(ECF No. 68) is GRANTED**.

DATED this 17th day of December, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE